# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRAM OMMID; AZAR AGAHI., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY; VINEET TIWARY; DOES 1-20, <br><br> Defendants. | Case No.: 3:18-cv-0486-L-WVG <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 7]** |

     Pending before the Court is Defendants Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") and Vineet Tiwary's (hereinafter "Tiwary") (together hereinafter "Defendants") motion to dismiss Plaintiffs Shahram Ommid and Azar Agahi's (together hereinafter "Plaintiffs") amended complaint. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.

//

//

//

//

## I. BACKGROUND

This case arises out of an insurance dispute. On January 30, 2016, Plaintiffs entered into a homeowner's insurance policy, Policy Number H37-268-088847-40, covering Plaintiffs' home at 1744 Skimmer Ct., Carlsbad, California 92011 ("Home"). (ECF No. 6 at 2.) The policy renewed each year. (*Id.*) On January 20, 2017, Plaintiffs' Home was damaged when "wind blew open the door to the family room and the interior ceiling, walls, and hardwood flooring, as well as the furniture in and furnishings of the house were damaged by the direct force of wind and rain entering through the blown open door." (ECF No. 6 at ¶ 9.) Plaintiffs suffered damage in excess of $100,000 due to the January 20, 2017 incident. (*Id.*) Plaintiffs promptly notified Defendants of the damage suffered but was advised not to make an insurance claim to avoid higher premiums or cancellation of the policy altogether. (*Id.* at ¶ 10.) Eventually, Plaintiffs filed an insurance claim on December 19, 2017, to which all liability for losses was denied on timelines grounds by Defendants on December 28, 2017. (*Id.* at ¶¶ 10, 11.)

On January 26, 2018, Plaintiffs filed a state court complaint against Defendant Liberty Mutual Insurance Company and DOES 1-20, inclusive, for breach of contract and fraud seeking one million dollars in damages. (*See* ECF No. 1-2.) On March 6, 2018, Defendant Liberty Mutual removed this action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441 because there was complete diversity of citizenship between Plaintiffs and Defendant Liberty Mutual and the amount in controversy exceeded $75,000, exclusive of interest and costs. (*See* ECF No. 1.) The parties met, conferred, and stipulated that Plaintiffs amend the original complaint "to avoid motion practice over the sufficiency of their Complaint []" on March 13, 2018. (ECF No. 3 at 2.) In the parties' stipulation, it is noted that Plaintiffs' original complaint failed to identify the proper insurer to the contract as a defendant and attach the relevant contract.[1] (*Id.*) On May 16, 2018, Plaintiffs filed

---

[1] The relevant homeowners' insurance policy reads in pertinent part that "[c]overage [was] provided and underwritten by Liberty Insurance Corporation[.]" (ECF No. 7-1 at 5.)

their amended complaint against Defendant Liberty Mutual Insurance Company, a newly-added Defendant Vineet Tiwary, and Defendant DOES 1-20 alleging the following causes of action: (1) Declaratory relief; (2) breach of insurance contract; (3) fraud; (4) bad faith; and (5) civil conspiracy. (*See* ECF No. 6.) Defendants filed the instant motion to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on June 6, 2018. (ECF No. 7.) Plaintiffs opposed this motion on June 25, 2018, and Defendant filed its reply on July 2, 2018. (ECF Nos. 8, 10.)

## II.  LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a Rule 12(b)(6) motion, the court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

As a general matter, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by the parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other

3

3:18-cv-0486-L-WVG

grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.*

/ / /

/ / /

## III. DISCUSSION

Defendants argue that the Court should dismiss Plaintiffs' first amended complaint ("FAC") for the following reasons: (1) Plaintiffs fraudulently joined Tiwary in this action to destroy diversity; (2) neither Defendants are a party to the insurance contract at issue; and (3) Plaintiffs fail to state a cause of action for fraud, civil conspiracy, and declaratory relief. (*See* ECF No. 7-1.) The Court addresses each argument in turn.

### A. Post-Removal Amendment

Defendants contend that Plaintifs' FAC should be dismissed as to Tiwary for failure to seek leave to amend because Tiwary's addition destroys diversity. (ECF No. 7-1 at 9-11.) Notwithstanding, Defendants assert that leave to add Tiwary should be denied under 28 U.S.C. § 1447(e) because he is only joined to destroy diversity jurisdiction. (*Id.* at 11-14.)

After a defendant removes a case to federal court, courts have embraced the obligation to scrutinize a diversity-destroying amendment's propriety under 28 U.S.C. § 1447(e)." *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606-607 (S.D. Cal. 2014) ("[W]hile Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants []"); *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1088 (C.D. Cal. 1999) ("[A] diversity-destroying amendment must be considered under the standard set by § 1447(e) even if it is attempted before a responsive pleading is served."); *see also Greer v. Lockheed Martin*, 2010 WL 3168408, at *3-4 (N.D. Cal. Aug. 10, 2010) ("[W]hen a plaintiff amends her complaint after removal to add a diversity destroying defendant, this Court will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e)."); *Hardin v. Wal-Mart Stores, Inc.*, 813 F.Supp.2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. §

4

3:18-cv-0486-L-WVG

1447(e) by relying on [Rule 15(a)] to join non-diverse parties."). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." While the decision whether to permit diversity-destroying joinder remains within the court's discretion, courts consider the following six factors in making that determination:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether denial of joinder will prejudice the plaintiff; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether the statute of limitations would preclude an original action against the new defendants in state court.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Review of the *IBC Aviation* factors underscores the Liberty Mutual's contention that Plaintiffs simply added Tiwary to the case to destroy diversity jurisdiction.

Plaintiffs do not assert that Tiwary is a necessary party; they only contend that he should not be dismissed pursuant to Rule 15(a)(2) of the Federal Rules because the parties agreed that the complaint should be amended and his addition is a result of that agreement. (ECF No. 8 at 3.) Defendants contend that Tiwary is not a necessary party. (ECF No. 7-1 at 11-13.) Rule 19(a) of the Federal Rules of Civil Procedure instructs that a party must be joined if: "in that person's absence, the court cannot accord complete relief among existing parties;" or the person claims such an interest in the action's subject matter that disposing of the action in the person's absence may "impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." "[A] trial court should look with

particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court. In such cases, a plaintiff may well be inclined to add a new defendant only to have his action remanded to the state forum, the one that he had originally chosen as best suited to his purposes." *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376-77 (9th Cir. 1980). As noted above, Rule 15(a) does not squarely address this post-removal amendment issue like 28 U.S.C. § 1447(e). In addition, Plaintiffs' FAC contains neither allegations of distinct action(s) taken by Tiwary outside the scope of his employment nor basis for recovery against Tiwary as an individual. Accordingly, the Court finds that Tiwary is not a necessary party because Plaintiffs' request for money damages "could be fully satisfied by [Defendant Liberty Insurance Company]." *Newcombe*, 157 F.3d at 691. As such, this factor weighs against joinder.

Naturally, denial of joinder will prejudice any plaintiff by denying their choice of forum. However, Plaintiffs here do not assert that they would be prejudiced if joinder was denied. As such, this factor weighs against joinder.

Defendants contend that Plaintiffs' delay in joining Tiwary demonstrates their improper motive to use joinder only to destroy diversity. (ECF No. 7-1 at 14.) The Court agrees. Tiwary's statements are the basis of the underlying lawsuit; thus, Plaintiffs' decision to bypass including Tiwary in the original complaint and post-removal amendment four months later strikes the Court as more strategy than a mere oversight. Moreover, Plaintiffs do not offer an explanation for such a delay in requesting joinder. Therefore, this factor also weighs against joinder.

In light of the analysis above and Plaintiffs' lack of evidentiary support, the Court finds that joinder is solely intended to defeat diversity. Accordingly, this factor weighs against joinder.

As stated above, the Court finds that no allegations were made against Tiwary outside of his agency relationship with Liberty Mutual. Therefore, the Court finds that

Plaintiffs' claims against Tiwary are suspect and suggestive of a diversity-destroying motive. Thus, this factor weighs against joinder.

While the sixth factor does not militate against joinder as there is no evidence that Plaintiff's potential claims would be subject to a statute of limitations bar, the Court finds that, on balance, review of the *IBC Aviation* factors demonstrate that Tiwary was improperly joined. Accordingly, Defendants' motion to dismiss Tiwary as a party is GRANTED.

B. **Breach of Contract Claim**

Liberty Mutual contends that Plaintiffs' breach of contract claim [FAC ¶¶ 1-10, 12-21] fails because Liberty Mutual was not a party to the insurance policy at issue here. (ECF No. 7-1 at 15.) Liberty Mutual correctly point out that the relevant policy reads, "[c]overage provided and underwritten by Liberty Insurance Corporation[.]" (*Id.*) Plaintiffs do not refute that Liberty Insurance Corporation ("LIC") is the proper party to be sued but simply highlight that Defendant Liberty Mutual is listed more than LIC in the policy. (ECF No. 8 at 5.) Thus, the Court GRANTS Defendants motion to dismiss Plaintiffs' breach of contract claim against Defendant Liberty Mutual.

C. **Bad Faith**

Liberty Mutual also contends that Plaintiffs' bad faith claim [FAC ¶¶ 1-10, 12-15, 17-20, 22-34] should be dismissed as a result of the breach of contract claim dismissal. (ECF No. 7-1 at 16.) Plaintiffs again claim that it named Liberty Mutual as a defendant because Liberty Mutual was listed more often in the policy. Plaintiffs' retort remains unpersuasive. As stated before, Plaintiffs' FAC does not allege the proper party who was subject to an implied duty of good faith and fair dealing pursuant to the insurance contract. As such, the Court GRANTS Defendants' motion to dismiss Plaintiffs' bad faith claim.

/ / /

/ / /

/ / /

/ / /

///
///
///
///
///

8

3:18-cv-0486-L-WVG

### D. Fraud

Liberty Mutual contends that Plaintiffs' fraud claim must be dismissed because Plaintiffs failed to allege the time and place the false statements were made. (ECF No. 7-1 at 18-19.) Plaintiffs respond that the FAC's allegations, taken together, provide sufficient specificity to satisfy the Rule 9(b) standard. (ECF No. 8 at 5-6.) Rule 9(b) instructs in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (Under Rule Rule 9(b), the pleader must state time, place and specific content of the false representation.). Despite Plaintiffs' assertions, the Court finds that Plaintiffs' fraud allegations are too vague to satisfy Rule 9(b). For example, while Plaintiffs allege that they promptly notified the Defendants after the January 20, 2017 incident, they fail to specify the exact time and date they contacted the Defendants and when the Defendants made the allegedly false representation. Moreover, Liberty Mutual correctly points out that Plaintiffs also fail to specify to which plaintiff the allegedly false representation was made. Thus, the Court GRANTS Defendants' motion to dismiss Plaintiffs' fraud claim.

### E. Civil Conspiracy

Liberty Mutual move the Court to dismiss Plaintiffs' civil conspiracy claiming that no facts were pled to support a conspiracy theory involving both currently-pled Defendants. (ECF No. 7-1 at 19-20.) Plaintiffs assert the civil conspiracy claim is properly alleged as Plaintiffs allege "defendants (two or more persons) worked together to delay and deny the [insurance] claim (concerted action) for the purpose of breaching the insurance contract (the unlawful purpose)." (ECF No. 8 at 6.)

/ / /
/ / /
/ / /
/ / /
/ / /

1    Under California law, civil conspiracy consists of the following three elements: (1) formation and operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct. *Kidron v. Movie Acquisition Corp.*, 40 Cal.4th 1571, 1581 (1995). Civil conspiracy is not a separate cause of action under California law. *Applied Equipment v. Litton Saudi Arabia*, 7 Cal.4th 503, 510 (1994). Conspiracy is used to impose liability upon a defendant who did not commit the harm himself but otherwise shared with the immediate tortfeasor a common plan to harm the plaintiff. *See id.* at 510-11, *see also Unruh v. Truck Ins. Exchange*, 7 Cal.3d 616, 631 (1972) ("A civil conspiracy[,] however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage. [Citations]."). "A cause of action for civil conspiracy may not arise, however, if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing and was acting only as a agent or employee of the party who did have the duty." *Doctors' Co. v. Superior Court*, 49 Cal.3d 39, 44 (1989). "Agents and employees of a corporation cannot conspire with the corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage. [Citations]." *Wise v. Southern Pacific Co.*, 223 CalApp.2d 50, 72 (1963).

Here, Plaintiffs' civil conspiracy claim cannot survive as Tiwary only acted in his capacity as a Liberty Mutual insurance agent. In addition, the FAC contains no allegations that Tiwary acted for his personal benefit. Accordingly, Defendants' motion to dismiss Plaintiffs' civil conspiracy claim is GRANTED.

### F.     Declaratory Relief

In light of the dismissal of the claims above, the Court GRANTS Defendants' motion to dismiss Plaintiffs' declaratory relief claim as no actual controversy exists before the Court at this point.

/ / /

/ / /

**G. Leave to Amend Complaint**

When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations omitted). Plaintiff requests leave to amend his complaint if any part of Defendants' motion to dismiss is granted. ECF No. 13 at 12. The Court finds that the deficiencies in the initial complaint could be cured by amendment. As such, the Court **GRANTS** Plaintiff's request for leave to amend its initial complaint. Plaintiff shall file an amended complaint no later than 14 days after the date this order is issued.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss in its' entirety.

**IT IS SO ORDERED.**

Dated: November 27, 2018

Hon. M. James Lorenz
United States District Judge